ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ESPACIO RESIDENTIAL, LLC.**<br><br>Recurrido<br><br>v.<br><br>**CARLOS MARTÍN SÁNCHEZ LA COSTA**<br><br>Peticionario | KLCE202400357 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: SJ2019CV07890<br><br>Sobre: Cobro de Dinero, Ejecución de Hipoteca. |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2024.

Comparece el señor Carlos M. Sánchez La Costa (señor Sánchez La Costa o parte peticionaria) y solicita nuestra intervención, a los fines de que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 31 de enero de 2024. Mediante la aludida determinación, el foro primario, entre otras cosas, prohibió el descubrimiento de cualquier prueba dirigido a establecer el derecho de retracto de crédito litigioso denegado por el tribunal anteriormente. Además, denegó el petitorio del señor Sánchez La Costa para que se diera por admitido el requerimiento de admisiones dirigido a la parte recurrida, Espacio Residential, LLC.

Por los fundamentos expuestos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

La presente causa tiene su génesis el 7 de agosto de 2019, cuando Roosevelt Cayman Asset Company (en adelante, Roosevelt Cayman) presentó una *Demanda* sobre cobro de dinero y ejecución

de hipoteca en contra del señor Sánchez La Costa. Este último negó las alegaciones hechas en su contra relacionadas al impago de la deuda, levantó varias defensas afirmativas e incluyó una reconvención. En lo concerniente, el 21 de marzo de 2022, el señor Sánchez La Costa, amparándose en una carta recibida por éste, en la cual se indicaba que Roosevelt Cayman le había "vendido", "asignado" o "transferido" el Contrato de Hipoteca a Espacio Residential, invocó el derecho a retracto de crédito litigioso al amparo del Artículo 1220 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9581.[1] Espacio Residential se opuso a lo anterior, a la luz de lo resuelto por el Tribunal Supremo de Puerto Rico en *DLJ Mortgage Capital, Inc. v. Santiago Martínez*, 202 DPR 950 (2019).

Centrado en su solicitud de retracto, el señor Sánchez La Costa solicitó al foro primario que se le permitiera llevar a cabo un descubrimiento de prueba para establecer que Espacio Residential no era un tenedor de buena fe, según se definía esta figura en la Sección 2-302 (a) de la Ley Núm. 208-1995, *infra*.

Luego de varios incidentes procesales, el TPI denegó lo solicitado por el señor Sánchez La Costa. Ello, fundamentado en lo resuelto por el Tribunal Supremo de Puerto Rico en *DLJ Mortgage Capital, Inc. v. Santiago Martínez*, supra, específicamente que no procedía el ejercicio de la figura de retracto de crédito litigioso sobre una cesión de un pagaré hipotecario otorgado al palio de lo dispuesto en la Ley Núm. 208-1995, según enmendada, conocida como *Ley de Transacciones Comerciales*, 19 LPRA sec. 401 *et seq*. El TPI precisó que a Espacio Residential le cobijaba la condición de tenedor de buena fe por herencia del cedente Roosevelt Cayman en virtud de lo provisto en la Sección 2-203 (b) de la *Ley de*

---

[1] El 19 de abril de 2022, Espacio Residential compareció mediante la presentación de una *Solicitud de Sustitución de Parte Demandante*, en la cual indicó que había adquirido la deuda objeto del presente caso; y solicitó sustituir a Roosevelt Cayman como parte demandante.

*Transacciones Comerciales, supra.* Así, concluyó que el traspaso del pagaré por parte de Roosevelt Cayman a Espacio Residential le confirió a este último cualquier derecho a exigir su cumplimiento, incluyendo cualquier derecho que tuviese el primero como tenedor de buena fe.

La antedicha determinación fue objeto del recurso apelativo denominado KLCE202300588, instado por el señor Sánchez La Costa. Atendido el mismo, mediante *Resolución* dictada el 18 de julio de 2023, este Tribunal denegó la expedición del auto de *certiorari,* por entender que, tal y como lo determinó el foro *a quo,* la solicitud del señor Sánchez La Costa para ejercer el derecho de retracto de crédito litigioso no procedía.[2]

También para el mes de julio de 2023, el señor Sánchez La Costa remitió a Espacio Residential un *Segundo Pliego de Interrogatorios y Requerimiento de Producción de Documentos*[3], así como otro documento intitulado *Requerimiento de Admisiones*[4]. En respuesta, Espacio Residential incoó una *Solicitud de Orden Protectora,* bajo el fundamento de que el señor Sánchez La Costa intentaba descubrir la misma información que el Tribunal determinó que no procedía, entre otros documentos que entendía era impertinentes.

El 14 de agosto de 2023, el señor Sánchez La Costa se opuso a la solicitud de orden protectora. Primero, alegó que la solicitud no cumplió con las disposiciones de la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1. Segundo, adujo que Espacio Residential no había contestado ningún interrogatorio, ni producido ningún documento, más sin embargo, pretendía impedir y prohibir el descubrimiento de prueba en un caso ordinario civil. Añadió que

---

[2] El 8 de diciembre de 2023, el Tribunal Supremo decretó *Resolución* declarando no ha lugar la petición de *certiorari.*
[3] Este documento tiene fecha de 3 de julio de 2023.
[4] Este documento tiene fecha de 10 de julio de 2023.

si el Tribunal permitía dicho proceder se le violaría su debido proceso de ley. En suma, el señor Sánchez La Costa intimó al TPI lo siguiente: (1) que denegara la moción de Espacio Residential; (2) dictara una orden dirigida a Espacio Residential para que contestara los interrogatorios y permitiera la inspección y fotocopias de todos los documentos requeridos, so pena de desacato; (3) diera por admitidos los requerimientos de admisiones enviados en julio de 2023 y (4) impusiera honorarios de abogados como sanción por quebrantar las Reglas de Procedimiento Civil y obstruir el descubrimiento de prueba.

Mediante *Orden* emitida el 17 de agosto de 2023, el Tribunal de Primera Instancia declaró *Ha Lugar* la oposición del señor Sánchez La Costa. En su pronunciamiento, expresó lo siguiente:

> [N]o se ha certificado cuáles fueron los esfuerzos razonables y de buena fe realizados para llegar a acuerdos entre sí sobre el descubrimiento de prueba en controversia de acuerdo a las determinaciones previas del tribunal. Ello es requerido por la Regla 34.1 de las de Procedimiento Civil. Por ello se ordena una reunión entre abogados dentro de 10 días para que realicen esos esfuerzos para descubrir prueba. En aquellos requerimientos que mantengan sus diferencias, las partes van a preparar una Moción Conjunta donde cada parte discutirá un resumen de su posición en torno al descubrimiento solicitado y también un resumen del derecho que apoya su posición. [...]

El 13 de noviembre de 2023, las partes de epígrafe suscribieron una *Moción Conjunta sobre Segundo Pliego de Interrogatorios y Segundo Requerimiento de Documentos Enviados por el Demandado Reconvencionista y Objeción de Espacio Residential.* En esta, Espacio Residential presentó sus objeciones al requerimiento de admisiones y sus fundamentos en derecho para las mismas. Por su parte, el señor Sánchez La Costa replicó dichas objeciones.[5]

---

[5] *Moción Conjunta sobre Segundo Pliego de Interrogatorios y Segundo Requerimiento de Documentos Enviados por el Demandado Reconvencionista y Objeción de Espacio Residential,* apéndice del recurso, págs. 44-67.

Tras varios trámites, el 19 de diciembre de 2023, el señor Sánchez La Costa presentó ante el tribunal una *Moción Solicitando se den por Admitidos Requerimientos de Admisiones Enviados al Demandante.*[6] Alegó que el término de 20 días aplicable para contestar y notificar la contestación a los requerimientos de admisiones venció sin recibir contestación de Espacio Residential. Precisó que, aunque, en efecto, el 13 de noviembre de 2023 instaron una *Moción Conjunta,* en cumplimiento con la orden del TPI, en ésta Espacio Residential, ni objetó, ni mencionó los requerimientos de admisiones. Así, invitó al foro primario a dar por admitidos los requerimientos de admisiones enviados el 10 de julio de 2023, conforme lo dispuesto en la Regla 33(a) de Procedimiento Civil.

Llegado a este punto, el 31 de enero de 2024, el foro de instancia, tras evaluar los escritos de las partes, emitió la *Resolución* que nos ocupa.

De una parte, declaró *No ha lugar* la primera y segunda orden protectora solicitada por Espacio Residential. No obstante, advirtió que se prohibía el descubrimiento de cualquier prueba con el fin de establecer el derecho de retracto de crédito litigioso ya denegado por el tribunal. En cuanto a las controversias presentadas por las partes en la *Moción Conjunta* del 13 de noviembre de 2023, el tribunal ordenó a Espacio Residential contestar ciertas preguntas específicas y algunos requerimientos.[7] Los restantes interrogatorios y requerimientos de documentos presentados, el TPI los declaró *No Ha Lugar*. Con respecto a la solicitud del señor Sánchez La Costa para

---

[6] Apéndice del recurso, págs. 32-43.
[7] Estas son: Interrogatorio #1; Requerimientos de Documentos #2 solamente sobre; historiales de pagos, facturas, transacciones y acuerdos de modificación. (tomando en consideración que una de las alegaciones del demandado es sobre el cobro de cargos "ilegales, excesivos y no autorizados por el préstamo hipotecario"); Requerimientos de Documentos #3; Requerimientos de Documentos #4; Interrogatorio #7; Interrogatorio # 19; Requerimientos de Documentos #20; Requerimientos de Documentos #22; Interrogatorio #25; Interrogatorio #31; Requerimientos de Documentos #44; Interrogatorio y Requerimientos de Documentos #49.

que se diera por admitido el requerimiento de admisiones, el foro de instancia también la declaró *No Ha Lugar*.

En desacuerdo, el 14 de febrero de 2024, el señor Sánchez La Costa presentó una moción de reconsideración, a la cual se opuso Espacio Residential oportunamente. El Tribunal de Primera Instancia denegó la reconsideración mediante la *Resolución* dictada el 27 de febrero de 2024.

Aun inconforme, el señor Sánchez La Costa comparece ante nos y alega que el TPI cometió los siguientes errores:

> Erró el Tribunal de Primera Instancia al privar arbitrariamente al peticionario del descubrimiento de prueba para establecer sus defensas y reclamaciones, violando con ello el derecho constitucional del peticionario a un debido proceso de ley bajo el Artículo II, sec. 7 de la Constitución.

> Erró el Tribunal de Primera Instancia al no dar por admitido el Requerimiento de Admisiones que nunca fue contestado ni objetado por el recurrido.

El 25 de abril de 2024, Espacio Residential incoó su *Memorando en Oposición a Expedición del Auto*.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et*

*al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[8]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[8] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Como se sabe, las Reglas de Procedimiento Civil de Puerto Rico conceden a todas las partes en un pleito el derecho a realizar un descubrimiento de prueba. En términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Torres González v. Zaragoza Meléndez*, supra, pág. 844, citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Véase, además, Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).

Al interpretar esta figura jurídica, nuestra jurisprudencia ha expresado que este mecanismo se caracteriza por ser de alcance amplio y liberal, para facilitar la tramitación de los pleitos y evitar inconvenientes, sorpresas e injusticias que surgen cuando las

partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659 (2021); *Berríos Falcón v. Torres Merced,* supra.

Uno de los instrumentos con los que cuentan las partes litigantes para delimitar las controversias del pleito y con ello promover la solución expedita de los procedimientos es el requerimiento de admisiones. *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 171 (2007)*; Audiovisual Lang v. Sist. Est. Natal Hnos.,* 144 DPR 563, 573-574 (1997). El mismo se encuentra regulado por la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33. Esta dispone lo siguiente:

(a) Requerimiento de admisión. A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento. En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá

admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. […]

[…]

Según expuesto, la norma impone que la parte interpelada conteste el requerimiento cursado bajo juramento, admitiendo o negando lo inquirido, en un término mandatorio de 20 días. De incumplirse con dicho término se tendrá por admitido el requerimiento, relevando así a la parte adversa de tener que presentar prueba en el juicio sobre el particular. *Rivera Prudencio v. Mun. de San Juan*, supra, a las págs. 171 y 174. En el ejercicio de su discreción, el tribunal debe interpretar la mencionada regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos. *Audiovisual Lang v. Sist. Est. Natal Hnos.*, supra, págs. 573-574.

Ahora bien, es importante recalcar que las disposiciones de la Regla 33 de Procedimiento Civil son mandatorias, no meramente directivas, lo que implica que debe haber un cumplimiento sustancial con las mismas. No obstante, al aplicarla e interpretarla no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Véase, Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1.

De otra parte, es menester apuntalar que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que en la etapa del descubrimiento de prueba también intervengan y lo encaucen. Ello, con el objetivo de garantizar un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.*, 117 DPR 729, 744 (1986). Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva.

*McNeil Healthcare v. Mun. Las Piedras II,* supra, pág. 672; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022), citando a *Lluch v. España Service Sta.*, supra, pág. 745.

**III.**

En su primer señalamiento de error, la parte peticionaria esencialmente aduce que el Tribunal de Primera Instancia se equivocó al cerrarle la puerta al descubrimiento de prueba dirigido a determinar si en la presente causa: (1) existió una cesión válida y de buena fe y (2) si Espacio Residential es un tenedor de buena fe bajo la *Ley de Transacciones Comerciales.* Entiende que la aludida información es esencial para poder sostener sus reclamaciones y defensas afirmativas establecidas en la *Reconvención* y para poder concluir, de una manera u otra, si en efecto hubo una transferencia válida entre Roosevelt Cayman y Espacio Residential. Ante ello, razona que el TPI le lesionó injustificadamente su derecho constitucional a un debido proceso de ley.

Además, la parte peticionaria específicamente esboza que el TPI abusó de su discreción al prohibir que se obtuviera evidencia sobre asuntos descritos en los interrogatorios número 8, 9, 10, 11, 12, 13 y 14. A su entender, estos son relevantes y esenciales para poder probar que Espacio Residential es un "*alter ego*" sin empleados, directores, ejecutivos u oficina, así como también un "*alter ego*" de sus accionistas, quienes eran los mismos accionistas de Roosevelt Cayman. Asimismo, es su parecer que Espacio Residential debe contestar los interrogatorios número 16 y 17 para establecer que dicha entidad no actúa de buena fe en este caso y fingió una transferencia que nunca ocurrió. Añade que debe ser materia de descubrimiento todo lo concerniente al rol del señor Rafael Hernández Miranda (interrogatorios número 23, 24, 26 y 27), única persona que compareció a nombre de ambos, Roosevelt Cayman y Espacio Residential, presentando bajo juramento

alegaciones incorrectas a nombre de la compañía hoy recurrida. Por igual, alega que los interrogatorios del número 32 al 40 y el número 45, todos dirigidos a establecer que los accionistas de Roosevelt Cayman son los mismos o están íntimamente ligados con los accionistas de Espacio Residential, es decir a descubrir la relación entre dichas entidades, son necesarios para probar su causa de acción.

De otro lado, en su segundo señalamiento de error, la parte peticionaria arguye que el foro primario se equivocó al no dar por admitidos los hechos incluidos en el requerimiento de admisiones concernido, aun cuando este no fue contestado por Espacio Residential en el término que dispone la Regla 33 de Procedimiento Civil, *supra*. Alega que dicha actuación le concedió un privilegio a Espacio Residential al no tener que admitir o negar los aludidos requerimientos.

Por otra parte, la parte recurrida está de acuerdo con la decisión impugnada, por entender que constituyó un ejercicio de discreción adecuado apoyado por las disposiciones procesales y sustantivas aplicables. Destaca que la parte peticionaria pretende relitigar planteamientos previamente levantados y adjudicados, que al presente constituyen la ley del caso, ausente de una situación excepcional que amerite aplicar una norma de derecho distinta.

Al examinar los argumentos de las partes y el pronunciamiento sujeto a revisión, determinamos no intervenir con la actuación del TPI. En el caso de autos, según el tracto fáctico expuesto, el foro *a quo* atendió las controversias surgidas a raíz del requerimiento de admisiones enviado por la parte peticionaria. En particular, desde agosto de 2023, ordenó a las partes a reunirse para realizar los esfuerzos necesarios con el fin de descubrir prueba pertinente. En esa dirección, expresó que, en aquellos requerimientos que las partes mantuvieran sus diferencias, debían

presentar una moción conjunta, en la cual cada parte discutiría un resumen de sus posiciones en torno al descubrimiento solicitado, así como un resumen del derecho en el que apoyaban dicha posición. Así las cosas, el Tribunal, en el ejercicio de la discreción que ostenta en el manejo de los casos, decretó la prohibición de todo descubrimiento de prueba dirigido a establecer el derecho de retracto de crédito litigioso. Sobre las controversias planteadas por las partes en la *Moción Conjunta,* el TPI ordenó a Espacio Residential contestar ciertos interrogatorios y requerimientos específicos, mientras que denegó los restantes interrogatorios y requerimientos de documentos presentados por la parte peticionaria.

En conclusión, nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Además, nada nos movió para inmiscuirnos en el manejo del caso y en la discreción ejercida por el Tribunal. De igual modo, no observamos ningún error por parte del foro primario al emitir la *Resolución* recurrida.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.* Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones